ORIGINAL

# In the United States Court of Federal Claims

No. 12-586
(Filed: August 6, 2013)
(Not for Publication)

FILED

AUG - 6 2013

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| **ROBERT LEE MASON,** | * |
|  | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| **THE UNITED STATES,** | * |
|  | * |
| Defendant. | * |
|  | * |

* * * * * * * * * * * * * * * * * * * * * * ** * * * *

---

## ORDER OF DISMISSAL

---

**WILLIAMS, Judge.**

Plaintiff pro se Robert Lee Mason brings this claim alleging that the Department of Veterans Affairs ("VA") and police officers from the Mentor, Ohio Police Department wrongfully incarcerated him and the VA failed to amend his medical records. Plaintiff also alleges that the Army wrongfully discharged him from active duty in 1969. In his complaint, Plaintiff seeks $10,000,000 in damages and an order requiring the Army to correct his discharge and his VA medical records and pay him salary and benefits from the date of his 1969 discharge to the present. Plaintiff also seeks an order requiring the VA to pay his medical expenses and directing all VA and Mentor, Ohio Police Department personnel to stay away from him.

Defendant filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because this Court lacks jurisdiction over this action, Defendant's motion to dismiss is **GRANTED**.

## Background[1]

Plaintiff filed his complaint on September 10, 2012.[2]  Plaintiff alleges he was wrongfully incarcerated in a Veterans Health Administration ("VHA") mental health facility when, on April 20, 2007, the VHA facility in Cleveland, Ohio sent a "pick up order" to the Mentor, Ohio Police Department to have Plaintiff removed from his home.  Compl. 3.  Plaintiff asserts that the VHA official who signed the pick up order was not a licensed psychiatrist and had not been involved with Plaintiff's treatment until April 19, 2007.  Id.  Plaintiff was held in the VHA facility in Cleveland, Ohio for five days and was then released to return home.  Id.  Plaintiff subsequently requested copies of the VHA's records relating to this incident, identified mistakes in the records, and asked the VHA to correct them.  Compl. 3.  Plaintiff contends that the "[f]ailure to correct the lies and mistakes in these records has caused irreparable mental suffering . . . ."  Id.  Plaintiff requests that all VA personnel and local police department officials stay away from him and asks "the Veterans Administration to pay for my entire health and dental care by Fee basis as I don't feel I can go to any [VHA] after this incident . . . ."  Id. at 4.

Attached to Plaintiff's complaint is a two-page document entitled "Amendment to original Tort claim against the Wade Park VA Hospital and Brecksville VA hospital" dated January 27, 2011.  Compl. 6-7.  Plaintiff wrote:

1. The VA had no jurisdiction to have done any medical certificate on me as I am still an active duty member of the U.S. Army, namely I am still on active duty and thus not a veteran.

2. This is based on a 1969 false discharge process done at Ft. Benning. Ref. a DA1361 form that proves I never had any legal counsel assigned to me during the discharge proceedings, as the signature blocks for the legal councilor and the signature block for me to sign that this legal council did council me are blank, thus proving I and this so called legal counsel never met or that I was ever counseled by this person called my legal counsel.

3. A Presidential Inquiry from then, President [J]immy Carter stating that I was not allowed to have any legal counsel and that I was never allowed to have non-concurred with the findings of a Physical Evaluation Board held at Ft. Gordon, Ga. in 1968.  The documents in my US Army records prove I had no legal

---

[1] This background is derived from the complaint and its exhibits.  It should not be construed as findings of fact.

[2] The 33-page document docketed as Plaintiff's complaint is a compilation of 16 separate documents.  The filing includes the following: Department of Justice Standard Form 95 (Claim for Damage, Injury, or Death) dated August 8, 2012, a letter to the Court dated August 31, 2012, letters from Plaintiff to VA personnel, spanning February 17, 2006, to January 31, 2011, excerpts from Plaintiff's VA medical records, an internal VA email dated September 7, 2006, a VA Police Uniform Offense Report dated December 11, 2006, and a two-page document entitled "Amendment to original Tort claim against the Wade Park VA Hospital and Brecksville VA hospital" dated January 27, 2011.

2

counsel, that I had never been at the hearing, as no travel orders from Ft. Benning to Ft. Gordon and back are in my records. As the Presidential inquiry states I was never allowed to be there or allowed to give evidence in my behalves.

4. If the findings of the presidential inquiry are correct and I agree they are, then my discharge DD214, from the US Army of 4-4-1969 is invalid as it was obtained illegally by the US Army against its own regulations as the Presidential inquiry states.

5. With the DD214 being invalid then I am still on active duty, my last orders were Sgt. Robert Lee Mason assigned to Mr. Robert Lee Mason care of my home address, where I have been on active duty ever since.

6. With the above established, the Veterans Administration Hospital Wade Park and Brecksville did illegally have me incarcerated against my will and detained for five days, as the VA has no jurisdiction over an active duty member of the Armed Forces of the US.

7. This also means that the US Army owes me all pay and benefits from 4-4-1969 til today as well.

Compl. 6.[3]  Plaintiff asked the Court to order the Army to correct his Certificate of Release or Discharge from Active Duty, properly discharge him, and correct his medical records to state "swelling of both legs caused by Agent Orange." Id. at 6-7.

Defendant filed a motion to dismiss arguing that Plaintiff's claims of wrongful incarceration and failure to correct VA health records sound in tort, and the Court does not have jurisdiction over tort claims. Alternatively, Defendant contends that Plaintiff failed to indentify a money-mandating statute or regulation to provide a basis for jurisdiction. Further, to the extent Plaintiff's complaint can be read as a claim for veterans' benefits, Defendant argues the Court lacks jurisdiction over such claims because the Secretary of the VA is vested with the authority to make determinations over veterans' benefits. Finally, to the extent Plaintiff seeks correction of his military records, Defendant asserts such a claim is time-barred.

In his response to Defendant's motion, Plaintiff expressly "waive[d] the relief for monetary damages" and asserted that the Court retains "[e]xclusive Jurisdiction to issue injunctive or declaratory relief to Plaintiff." Pl.'s Resp. 3.  Additionally, Plaintiff argues his claim is not time-barred because "the Statute of Limitations started to toll when Plaintiff became aware that Defendants violated Plaintiff's clearly established Federal Constitutional Rights and/or after Plaintiff exhausted administrative remedies with the Defendants in 2012." Id. at 1. Plaintiff also reframed his claims as constitutional claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Id. at 4.  Specifically, Plaintiff asserts a First Amendment

---

[3] A "DD214" is a Certificate of Release or Discharge from Active Duty. Def.'s Mot. to Dismiss 2 n.3.

retaliation claim and alleges the VA violated his rights to due process, equal protection, and right to be free from cruel and unusual punishment. Id. at 3, 5.

## Discussion

Plaintiff "bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence." Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Plaintiff must demonstrate "competent proof" and show affirmatively that the Court has jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936) ("If [the plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); see also J. Cardenas & Sons Farming, Inc. v. United States, 88 Fed. Cl. 153, 157-158 (2009).

The Tucker Act confers jurisdiction on this Court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). Plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence before the Court may proceed to the merits of the action. Reynolds, 846 F.2d at 748; BearingPoint, Inc. v. United States, 77 Fed. Cl. 189, 193 (2007). When determining jurisdiction, the Court must accept as true all undisputed allegations of fact made by the non-movant and draw all reasonable inferences from those facts in the non-movant's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). If subject-matter jurisdiction cannot be established, the Court must dismiss the complaint. Stuart v. United States, 100 Fed. Cl. 74, 76 (2011).

The Court holds a pro se plaintiff's pleadings to a less stringent standard than litigants represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, pro se plaintiffs must still satisfy the Court's jurisdictional requirements. Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). The Federal Circuit has cautioned that it "does not expect a pro se litigant to be made to jump through a confusing array of procedural hoops." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

## The Court Lacks Jurisdiction over Plaintiff's Constitutional Claims

Plaintiff asserts claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Specifically, Plaintiff asserts a First Amendment retaliation claim based on VA employees' decisions and actions that "were done to deprive Plaintiff of his Federal Constitutional Rights and were done out of Retaliation for Plaintiff engaging in the federally protected Right to Seek Redress against the Government by writing 30-Years of Grievances against the Defendants . . . ." Pl.'s Resp. 5. Plaintiff further alleges that the VA's treatment of him and his wrongful incarceration violated his rights in that he was deprived of liberty without equal protection, representation, and due process, and was subjected to cruel and unusual punishment.

4

The Tucker Act is only a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). It does not provide a stand-alone basis for a cause of action, meaning "a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). The types of constitutional claims Plaintiff asserts here -- violation of his rights to free speech under the First Amendment, his due process rights under the Fifth and Fourteenth Amendments, his right to equal protection, and the right to be free from cruel and unusual punishment -- do not independently mandate the payment of money damages by the United States and are not a basis for jurisdiction in this Court. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (violations of Fifth Amendment due process clause do not mandate payment of money); Feathergill v. United States, 217 Ct. Cl. 24, 33 (1978) (First Amendment claim cannot serve as a basis for Tucker Act jurisdiction); Milas v. United States, 42 Fed. Cl. 704, 710 (1999) (Sixth Amendment claim does not mandate money payment), aff'd, 217 F.3d 854 (Fed. Cir. 1999) (per curiam); McCauley v. United States, 38 Fed. Cl. 250, 266 (1997) (Fifth or Fourteenth Amendment due process clause not independent grounds for money damages), aff'd, 152 F.3d 948 (Fed. Cir. 1998); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988) (Fourth Amendment search and seizure violations and Fifth Amendment due process violations do not mandate monetary relief).

Additionally, to the extent Plaintiff asserts claims against the Mentor, Ohio Police Department and/or its officers, the Court does not have jurisdiction over claims brought against Defendants other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941).

## The Court Lacks Subject-Matter Jurisdiction over Plaintiff's Claim to Amend His VA Records

Plaintiff alleges that the VA's failure to amend his records caused irreparable damage to his mental and physical health and seeks personal injury damages from the Court. Compl. 1; Pl.'s Resp. 3.[4] As Defendant argues, these claims for personal injury, physical pain, and emotional distress sound in tort, a conclusion that is supported by Plaintiff's submission of a Standard Form 95 (Claim for Damage, Injury, or Death), the form used to submit a claim under the Federal Torts Claims Act. Because Plaintiff's claim is a tort claim, the Court lacks jurisdiction. The Court cannot consider claims sounding in tort or for civil misconduct by agents of the United States. Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Gimbernat v. United States, 84 Fed. Cl. 350, 355 (2008) ("The Federal Torts Claims Act . . . grants United States district courts exclusive jurisdiction to hear tort claims against the United States."). Regardless of how the claim is pled, the Court does not have jurisdiction when the substance of the claim lies in tort. Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998) (citing Brown, 105 F.3d at 623) ("Even where the claim is framed under non-tort law, the court lacks jurisdiction if the essence of the claim lies in tort.").

---

[4] In his complaint, Plaintiff seeks $10,000,000 in "personal injury" damages. Compl. 1.

## The Court Lacks Subject-Matter Jurisdiction over Plaintiff's Claim for Veterans' Benefits

To the extent Plaintiff's complaint can be construed as a claim for veterans' benefits, including payment for medical treatments on a fee basis, this Court lacks jurisdiction. Under 38 U.S.C. § 511, the Secretary of the VA is authorized to make all determinations affecting the provision of veterans' benefits. 38 U.S.C. § 511 (2006); Addington v. United States, 94 Fed. Cl. 779, 782 (2010). The Veterans' Judicial Review Act, 38 U.S.C. §§ 7251-7299, provides that veteran benefit determinations are subject to judicial review in statutorily designated federal courts. Under 38 U.S.C. § 7252(a), decisions made by the Board of Veterans' Appeals are subject to judicial review by the United States Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a) (2006). The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over the Veterans Court decisions. 38 U.S.C. § 7292(c) (2006).

## Plaintiff's Claim for the Correction of Military Records Is Time-Barred

Plaintiff asks the Court to find his 1969 discharge was invalid and illegally obtained, order the Army to correct Plaintiff's discharge, order the Army to change Plaintiff's medical records to state that swelling of his legs was caused by Agent Orange, and order the Army to pay Plaintiff all pay and benefits from April 4, 1969, to the present. Plaintiff's claims can be construed as claims for military pay, wrongful discharge, and correction of his military records. Section 2501 of Title 28 of the United States Code provides in relevant part: "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2006). In a wrongful discharge case, the claim arises when the service member is discharged, and the statute of limitations begins to run on that date. Martinez v. United States, 333 F.3d. 1295, 1310 (Fed. Cir. 2003) (en banc). Thus, given Plaintiff's representation that he was discharged on April 4, 1969, he was required to file his claim six years later in 1975, and his claim is time-barred. Because compliance with the statute of limitations is a jurisdictional prerequisite for suing in this Court, this action must be dismissed. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006), aff'd, 552 U.S. 130 (2008) ("The six-year statute of limitations set forth in section 2501 is a jurisdictional requirement for a suit in the Court of Federal Claims."); Martinez v. United States, 333 F.3d at 1316 ("It is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature.").

## Conclusion

Defendant's motion to dismiss is **GRANTED**.

**MARY ELLEN COSTER WILLIAMS**
**JUDGE**